UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY D. FOX,

                                            Plaintiff,

               v.                                  6:02-CV-1160
                                                          (FJS/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

**APPEARANCES**                                             **OF COUNSEL**

**LEGAL SERVICES OF CENTRAL**                **CHRISTOPHER CADIN, ESQ.**
**NEW YORK**
472 South Salina Street, Suite 300
Syracuse, New York 13202
Attorneys for Plaintiff

**LEGAL AID SOCIETY OF MID-NEW**            **PAUL J. LUPIA, ESQ.**
**YORK, INC.**
255 Genesee Street, Second Floor
Utica, New York 13501
Attorneys for Plaintiff

**OFFICE OF THE UNITED**                         **WILLIAM H. PEASE, ESQ.**
**STATES ATTORNEY**
James Hanley Federal Building &
United States Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Magistrate Judge Treece's June 1, 2006 Report-

Recommendation and Order and Plaintiff's objections thereto.

## II. BACKGROUND

On February 24, 2000, Plaintiff protectively filed for Supplemental Security Income ("SSI") benefits alleging a disability onset date of May 18, 1998. *See* Dkt. No. 9, Administrative Transcript ("Tr."), at 110-13, 116. Plaintiff's application was denied initially and on reconsideration. *See id.* at 76-79. Plaintiff, therefore, requested a hearing, which was held before Administrative Law Judge ("ALJ") Joseph Medicis, Jr., on November 7, 2000, and continued on January 2, 2001. *See id.* at 45-75. On April 4, 2001, the ALJ issued an unfavorable decision against Plaintiff. *See id.* at 21-27. In pertinent part, the ALJ found that, based on the testimony from various treating and/or examining physicians and a vocational expert ("VE"), Plaintiff had a residual functional capacity ("RFC") to perform at least sedentary and light work duties where it was not necessary for him to use both arms. *See id.* at 21-27. The ALJ further found that, in light of Plaintiff's RFC, age, educational background, and work experience, there was a significant number of jobs in the national economy that Plaintiff could perform and that Plaintiff was, therefore, not disabled. *See id.* Specifically, the ALJ found that, based on the VE's testimony, Plaintiff could perform the job of a surveillance system monitor, which was sedentary and unskilled and which existed in significant numbers in the regional and national economy. *See id.*

On August 14, 2002, the Appeals Council concluded that there was no basis under the Regulations to grant Plaintiff's request for review, thus rendering the ALJ's decision the Commissioner's final determination. *See id.* at 5-6.

Plaintiff, therefore, commenced this action on September 9, 2002, seeking judicial review of the Commissioner's final determination. *See* Dkt. No. 1. Plaintiff objected to the ALJ's decision on the ground that the ALJ had failed to develop fully his medical history beyond his arm impairments; that the substantial evidence in the record did not support the ALJ's finding regarding Plaintiff's RFC; that, in assessing Plaintiff's RFC, the ALJ had failed to defer properly to Plaintiff's treating physician; and that the number of jobs that the VE had identified did not adequately represent the limited jobs that Plaintiff could perform. *See* Report-Recommendation and Order at 12.

Magistrate Judge Treece addressed each of Plaintiff's objections and found that (1) Plaintiff had not "substantiated his contention that the ALJ should have developed the record further with regard to any mental impairments," *see id.* at 14; (2) that there was substantial evidence in the record to support the ALJ's findings regarding Plaintiff's RFC, *see id.* at 19; (3) that the ALJ correctly applied the Treating Physician Rule, *see id.* at 18; and (4) that the ALJ properly relied on the number of jobs that the VE identified, even if diminished by a small percentage in his estimation, in finding that work existed in the national and regional economy that Plaintiff could perform, *see id.* at 33. Based on all these findings, Magistrate Judge Treece recommended that this Court affirm the Commissioner's decision. *See id.*

On June 14, 2006, Plaintiff filed objections to Magistrate Judge Treece's Report-Recommendation and Order. *See* Dkt. No. 16. Specifically, Plaintiff objected to Magistrate Judge Treece's agreement with the ALJ's conclusion that there were a significant number of jobs existing in the national and regional economy that Plaintiff could perform. *See id.* at 5, 7-8.

## III. DISCUSSION

**A.	Standard of review**

In evaluating the report-recommendation and order of a magistrate judge, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party timely objects to the magistrate judge's recommendations, the court is required to review the contested portions *de novo*. *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). On the other hand, with respect to uncontested portions of the magistrate judge's recommendations, the court need only review the face of the record for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted). Likewise, where objections to a recommendation simply reiterate the same arguments as those in the original pleadings, a district court need only review for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted).

A district court's review of an ALJ's denial of benefits is limited in that a court cannot set aside the ALJ's decision unless it is based on some legal error or is not supported by substantial evidence. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) (citation omitted). Substantial evidence is evidence that a reasonable mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be less than a preponderance. *See Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 494 (2d Cir. 1999). Finally, if the evidence is such that it can lead to more than one rational interpretation, the court must afford deference to the ALJ's findings and uphold his conclusions. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**B.     Plaintiff's objection**

Plaintiff's only objection relates to the ALJ's finding, based on the VE's testimony, that there was a significant number of jobs existing in the national and regional economy that Plaintiff could perform. Specifically, Plaintiff objects to Magistrate Judge Treece's formulation of what constitutes a "significant" number of jobs. *See* Plaintiff's Objections at 7-8.

As a basis for his objection, which relates to the fifth step of the analysis for determining whether a claimant is disabled and qualifies for SSI benefits, *see* 20 C.F.R. § 416.920, Plaintiff reiterates many of the same arguments that he made in his original pleadings. At this fifth step, the burden of proof shifts to the Commissioner to show that the claimant can perform other work in the national economy. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (citations omitted); 20 C.F.R. § 416.920(a)(v). In analyzing whether the Commissioner meets his burden at this step, the ALJ must consider the claimant's RFC along with other vocational factors such as age, education, past work experience, and transferability of skills. *See* 20 C.F.R. § 416.920(a)(v).

With respect to this issue, the ALJ found that, based on the VE's testimony, Plaintiff could perform the specific job of "surveillance system monitor," which falls within the occupational group of "Protective Services," of which there are 132,980 such jobs in the national economy and 200 such jobs in the Central New York region. *See* Tr. at 62-67. The ALJ further determined that, based on the VE's testimony, the number of surveillance system monitor jobs was a "small percentage lower" than the number of total Protective Service Occupation jobs. *See* Tr. at 64-65.

The VE testified that the job of a surveillance system monitor is sedentary and unskilled and that Plaintiff could perform this job even if he were unable to use his dominant right hand

and was limited with his left hand to occasional simple grasping and fine manipulation and lifting no more than ten pounds.  *See* Tr. at 58, 61.  As Magistrate Judge Treece correctly noted, "[s]uch testimony is consistent with the requirements for a surveillance system monitor as listed in the <u>Dictionary of Occupational Titles</u> (4th ed. 1991) ("DOT") § 379.367-010[.]"  *See* Report-Recommendation and Order at 26.

In rejecting Plaintiff's claim that the ALJ's finding that a significant number of jobs existed in the national and regional economy that he could perform was erroneous, Magistrate Judge Treece explained that "[t]he VE noted the wide-spread use of surveillance system monitors for parking lots, grocery stores, warehouses, motels and hotels."  *See id.* at 32 (citing Tr. at 68).  The VE also testified that "he could not report the exact number of surveillance system monitor jobs because no publication anywhere listed that figure, though surveys conducted by the Department of Labor and the State showed 132,980 Protective Service Occupation jobs in the national economy and 200 in the Central New York region."  *See id.* (citing [Tr.] at 62-66 & 71).  Furthermore, the VE stated that, "[b]ased upon his best estimate, . . . the number of surveillance system monitor jobs was a 'small percentage lower.'"  *See id.* (citing [Tr.] at 64-65).  Finally, after noting that generally courts have held that "what constitutes a 'significant' number [of jobs] is fairly minimal[,]" Magistrate Judge Treece found that "the number of jobs that the VE had identified, "even if diminished by a small percentage[,] . . . constitutes a significant number of jobs[.]"  *See id.* at 33.  Therefore, he concluded that the ALJ correctly found that Plaintiff was not disabled.  *See id.*

Having reviewed the entire record in this case and the applicable law, the Court concurs with Magistrate Judge Treece's conclusion.  The VE specifically took Plaintiff's limitations into

consideration when he determined that there was a significant number of jobs in the national and regional economy that Plaintiff could perform.  Furthermore, the fact that Plaintiff can perform only one sedentary unskilled occupation – surveillance system monitor – within a larger class of occupations, Protective Services Occupations, does not automatically dictate a finding that he is disabled.  *See Colon v. Comm'r of Soc. Sec.*, No. 6:00CV0556, 2004 WL 1144059, *9 (N.D.N.Y. Mar. 22, 2004).  Moreover, although the VE could not testify to the exact number of surveillance system monitor jobs that was available, it was proper for him to rely on his experience to conclude that this number was a small percentage lower than the 132,980 Protective Service Occupation jobs in the national economy and 200 of these jobs in the Central New York region.  Finally, given the fact that a fairly minimal number of jobs constitutes a significant number, the Court concludes, as did Magistrate Judge Treece, that the ALJ properly relied upon the VE's testimony in finding that there was a significant number of jobs that Plaintiff could perform and that he was, therefore, not disabled.

### IV. CONCLUSION

After carefully reviewing the enter file in this case and the applicable law, and for the above-stated reasons as well as the reasons set forth in Magistrate Judge Treece's Report-Recommendation and Order, the Court hereby

**ORDERS** that Magistrate Judge Treece's June 1, 2006 Report-Recommendation and Order is **adopted in its entirety**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: February 13, 2009
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge